```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**BRANDON MARQUIS PUGH, #254312,**   :

    **Plaintiff,**                           :

**vs.**                                        :   **CIVIL ACTION NO. 16-00211-KD-B**

**DETECTIVE BRIDGFORD***,*                     :

    **Defendant.**                          :

## REPORT AND RECOMMENDATION

Plaintiff Brandon Marquis Pugh, an Alabama inmate, filed a complaint alleging violations under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, it is recommended that Plaintiff's motion for leave to proceed without prepayment of fees be **DENIED** and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

> state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent flier prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has at least three actions or appeals that were previously dismissed as frivolous,

2

malicious, or for failure to state a claim upon which relief can be granted. See Pugh v. Windom, et al, 2013 WL 6145642, 2013 U.S. Dist. LEXIS 165554 (M.D. Ala. Nov. 11, 2013)(claims against defendants dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and challenges to the constitutionality of his revocation/conviction/sentence were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as not properly before the court); Pugh v. Rich et al, 2014 WL 518048, 2014 U.S. Dist. LEXIS 16207(S.D. Ala. Feb. 10, 2014)(dismissed for failure to state a claim); and Pugh v. Horace, 2014 WL 9120007, 2014 U.S. Dist. LEXIS 30488 (S.D. Ala. March 10, 2014) (dismissed as frivolous and for failure to state a claim).

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g).  In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing Plaintiff's allegations (Doc. 1), the Court cannot discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint.  The gist of Plaintiff's complaint is that he was

falsely arrested by Defendant Bridgford in October of 2006, and was later charged with Rape 2nd. (Id. at 5-7). A claim of false arrest occurring almost a decade ago is certainly not evidence that Plaintiff was under imminent danger of physical injury at the time he filed his complaint.

In the absence of facts showing that Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint, Plaintiff cannot avail himself of § 1915(g)'s exception. As a result, his failure to pay the $350.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit") (emphasis in original); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2002) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **25th** day of **January, 2017.**


                                                **SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**